IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:20-CR-413-D

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| DAVID VASQUEZ, ) | |
| ) | |
| Defendant. ) | |

On November 12, 2024, David Vasquez ("Vasquez" or "defendant") moved pro se for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821 of the United States Sentencing Guidelines ("Amendment 821") [D.E. 202]. On January 10, 2025, Vasquez moved pro se for compassionate release under 18 U.S.C. § 3582(c)(1)(A) [D.E. 203]. On June 10, 2025, the United States responded to Vasquez's Amendment 821 motion [D.E. 212]. On June 13, 2025, the United States responded to Vasquez's motion for compassionate release [D.E. 213] and filed an exhibit [D.E. 214]. As explained below, the court denies Vasquez's motions.

I.

On August 30, 2021, with a written plea agreement, Vasquez pleaded guilty to conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine. See [D.E. 112, 114]. On June 21, 2022, the court held Vasquez's sentencing hearing, adopted the facts set forth in the Presentence Investigation Report ("PSR"), and resolved Vasquez's objections. See PSR [D.E. 149] 1; Fed. R. Crim. P. 32(i)(3)(A)–(B). The court calculated Vasquez's total offense level to be 27, his criminal history category to be IV, and his advisory guideline range to be 120 to 125 months' imprisonment. See [D.E. 194] 1. After considering the arguments of counsel and

all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Vasquez to 120 months' imprisonment. See [D.E. 190].

On November 12, 2024, Vasquez moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) and Amendment 821. See [D.E. 202]. On January 10, 2025, Vasquez moved pro se for a compassionate release under 18 U.S.C. § 3582(c)(1)(A). See [D.E. 203].

II.

Under 18 U.S.C. § 3582(c)(2), a court may reduce a defendant's term of imprisonment if the defendant has been "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered" by changes to the United States Sentencing Guidelines. 18 U.S.C. § 3582(c)(2); see United States v. Barrett, 133 F.4th 280, 282–83 (4th Cir. 2025); United States v. Martin, 916 F.3d 389, 395 (4th Cir. 2019); United States v. Williams, 808 F.3d 253, 257–58 (4th Cir. 2015). A sentence reduction under 18 U.S.C. § 3582(c)(2) must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(2); Williams, 808 F.3d at 257. The Sentencing Commission policy statement in U.S.S.G. § 1B1.10 applies to section 3582(c)(2) proceedings. See Dillon v. United States, 560 U.S. 817, 819, 821 (2010); Martin, 916 F.3d at 396; Williams, 808 F.3d at 258.

The sentencing court follows a two-step inquiry when reviewing motions for sentence reductions under section 3582(c)(2). See Dillon, 560 U.S. at 826–27; Martin, 916 F.3d at 396; Williams, 808 F.3d at 258. First, the sentencing court must review the Sentencing Commission's instructions in U.S.S.G. § 1B1.10 "to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." Williams, 808 F.3d at 257–58 (quotation and emphasis omitted). At this step, section 1B1.10 requires the court to begin by "determining the amended guideline range that would have been applicable to the defendant had the relevant

2

amendment been in effect at the time of the initial sentencing." Dillon, 560 U.S. at 827 (cleaned up). If the court determines that the defendant is eligible for a sentence reduction, "the court moves to the second step and determines the extent of the reduction." Williams, 808 F.3d at 258. At step two, section 3582(c)(2) "instructs a court to consider any applicable [section] 3553(a) factors and determine whether, in its discretion, the reduction authorized by reference to the policies relevant at step one is warranted in whole or in part under the particular circumstances of the case." Dillon, 560 U.S. at 827; see, e.g., United States v. Navarro-Melendez, No. 1:18-CR-91, 2024 WL 1722524, at *1 (W.D.N.C. Apr. 22, 2024) (unpublished); United States v. Pledger, No. 2:12-CR-23, 2017 WL 3495723, at *1–2 (E.D.N.C. Aug. 14, 2017) (unpublished).

In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C. § 3553(a); Chavez-Meza v. United States, 585 U.S. 109, 115–20 (2018); Pepper v. United States, 562 U.S. 476, 480–81, 490 (2011); United States v. Davis, 99 F.4th 647, 659 (4th Cir. 2024); United States v. Smith, 75 F.4th 459, 464–66 (4th Cir. 2023); United States v. High, 997 F.3d 181, 187–91 (4th Cir. 2021); United States v. Kibble, 992 F.3d 326, 329–30 (4th Cir. 2021) (per curiam); United States v. McDonald, 986 F.3d 402, 410–12 (4th Cir. 2021); Martin, 916 F.3d at 395–98.

Vasquez seeks a sentence reduction under Amendment 821 Part B. See [D.E. 202] 1. Amendment 821 Part B, which became effective on November 1, 2023, amended Chapter Four of the Sentencing Guidelines by inserting a new Part C at the end of the Chapter. See U.S.S.G. Part B, amend. 821. New section 4C1.1 "provide[s] a decrease of two levels from the offense level determined under Chapters Two and Three for offenders who did not receive any criminal

3

history points under Chapter Four, Part A and whose instant offense did not involve specified aggravating factors." U.S.S.G. App. C, amend. 821 (Reason for Amendment). Thus, the court can reduce the defendant's offense level by two levels if the following criteria is met: (1) the defendant did not receive any criminal history points from Chapter Four, Part A; (2) the defendant did not receive an adjustment under U.S.S.G. § 3A1.4; (3) the defendant did not use violence or credible threats of violence in connection with the offense; (4) the offense did not result in death or serious bodily injury; (5) the offense of conviction is not a sex offense; (6) the defendant did not personally cause substantial financial hardship; (7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense; (8) the offense of conviction is not covered by U.S.S.G. § 2H1.1; (9) the defendant did not receive an adjustment under U.S.S.G. § 3A1.1 or 3A1.5; (10) the defendant did not receive an adjustment under U.S.S.G. § 3B1.1 and was not engaged in a continuing criminal enterprise as defined in 21 U.S.C. § 848. See U.S.S.G. § 4C1.1(a).

Vasquez's motion does not survive step one. At step one, the court calculates Vasquez's new advisory guideline range to be 84 to 105 months' imprisonment based on a total offense level 25 and a criminal history category IV. But under 21 U.S.C. § 841(a)(1) and (b)(1)(A), 120 months is the minimum term of imprisonment. Under section 5G1.1(b), when the "statutorily required minimum sentence is greater than the maximum of the applicable guideline range, the statutorily required minimum sentence shall be the guideline sentence." See U.S.S.G. § 5G1.1(b). Thus, Vasquez's guideline remains 120 months' imprisonment, and the court denies Vasquez's motion for a sentence reduction [D.E. 202].

4

Alternatively, even if Vasquez survived step one, the 3553(a) factors counsel against a sentence reduction. At step two, the court has reviewed the entire record, the parties' arguments, the new advisory guideline range, and all relevant factors under 18 U.S.C. § 3553(a). See Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 490–93; Davis, 99 F.4th at 659; Smith, 75 F.4th at 464–66; United States v. Troy, 64 F.4th 177, 184 (4th Cir. 2023); United States v. Swain, 49 F.4th 398, 402 (4th Cir. 2022); United States v. Chambers, 956 F.3d 667, 671–75 (4th Cir. 2020), abrogated on other grounds by Concepcion v. United States, 597 U.S. 481 (2022); United States v. May, 783 F. App'x 309, 310 (4th Cir. 2019) (per curiam) (unpublished). Vasquez is 59 years old and engaged in serious criminal conduct from July 2018 to December 2019. See PSR ¶¶ 31–35. Vasquez joined a large-scale drug trafficking organization. See id. ¶¶ 26–35. In his role, Vasquez coordinated and distributed substantial shipments of cocaine into the Eastern District of North Carolina. See id.

Additionally, Vasquez sports a lengthy criminal history, including two convictions for driving while intoxicated and two federal convictions for felony alien smuggling and felony illegal re-entry. See id. at ¶¶ 40–43. Moreover, Vasquez was not deterred by these two federal convictions. Rather, Vasquez illegally entered the United States again, joined a drug trafficking operation, and started funneling cocaine into the Eastern District of North Carolina. Considering Vasquez's blatant disrespect for the law, reducing Vasquez's sentence would ignore the need to deter criminal behavior, promote respect for the law, and protect the public. Although Vasquez has not engaged in any new criminal conduct or committed any infractions while in custody, the court expects good behavior from all inmates in federal custody. Thus, this factor does not outweigh the serious criminal conduct, Vasquez's extensive criminal history, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public from

5

Vasquez.

The court has considered the entire record and all relevant policy statements. See Concepcion, 597 U.S. at 494–95 & n.4; Pepper, 562 U.S. at 490; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 410–12; Martin, 916 F.3d at 398. The court has balanced Vasquez's good behavior while federally incarcerated with his serious criminal conduct, his serious criminal history, the need to punish him, the need to promote respect for the law, the need to protect society, and the need to deter others. See Concepcion, 597 U.S. at 496–502; Pepper, 562 U.S. at 480–81; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Having considered the entire record, the section 3553(a) factors, the parties' arguments, and the need to punish Vasquez for his serious criminal behavior, to incapacitate Vasquez, to promote respect for the law, to deter others, and to protect society, the court denies Vasquez's motion for a sentence reduction. See, e.g., Concepcion, 597 U.S. at 496–502; Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; Davis, 99 F.4th at 659; Smith, 75 F.4th at 466–69; High, 997 F.3d at 187–91; Kibble, 992 F.3d at 331–32; United States v. Chambliss, 948 F.3d 691, 693–94 (5th Cir. 2020). Even if the court miscalculated the new advisory guideline range, the court would impose the same sentence as an alternative variant sentence in light of the entire record and the section 3553(a) factors. See 18 U.S.C. § 3553(a); United States v. Gomez-Jimenez, 750 F.3d 370, 382–86 (4th Cir. 2014); United States v. Hargrove, 701 F.3d 156, 161–65 (4th Cir. 2012).

III.

A court may reduce a defendant's term of imprisonment if (1) "extraordinary and compelling reasons warrant such a reduction" or (2) "the defendant is at least 70 years of age, has served at least 30 years in prison," and the Director of the Bureau of Prisons ("BOP") has

6

determined the defendant is not a danger to another person or the community. 18 U.S.C. § 3582(c)(1)(A); see United States v. Johnson, 143 F.4th 212, 215–17 (4th Cir. 2025), appeal filed, No. 25-551 (U.S. Nov. 6, 2025); United States v. Bethea, 54 F.4th 826, 831 (4th Cir. 2022); United States v. Hargrove, 30 F.4th 189, 194 (4th Cir. 2022); High, 997 F.3d at 185–86; Kibble, 992 F.3d at 330; United States v. McCoy, 981 F.3d 271, 275–77 (4th Cir. 2020). A section 3582(c)(1)(A) sentence reduction must comport with the 18 U.S.C. § 3553(a) factors and applicable Sentencing Commission policy statements. See 18 U.S.C. § 3582(c)(1)(A); Johnson, 143 F.4th at 215–17; Hargrove, 30 F.4th at 194.

Before filing a motion under 18 U.S.C. § 3582(c)(1)(A), a defendant must "fully exhaust[] all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A); see United States v. Ferguson, 55 F.4th 262, 268 (4th Cir. 2022). This requirement is nonjurisdictional, and the government waives a defense based on section 3582(c)(1)(A)'s exhaustion requirements if the government does not timely raise it. See United States v. Muhammad, 16 F.4th 126, 129–30 (4th Cir. 2021).

When considering a defendant's compassionate release motion, the court determines whether extraordinary and compelling circumstances exist and whether, in the court's discretion, those circumstances warrant relief in light of relevant factors in 18 U.S.C. § 3553(a) and applicable Sentencing Commission policy statements. See Johnson, 143 F.4th at 215–17; Hargrove, 30 F.4th at 194–95; High, 997 F.3d at 186; Kibble, 992 F.3d at 330–32. In evaluating the section 3553(a) factors, the court considers, inter alia, the nature and circumstances of the offense, the history and characteristics of the defendant, a defendant's post-sentencing conduct, the need to deter criminal behavior, the need to promote respect for the law, and the need to protect the public. See 18 U.S.C.

7

§ 3553(a); Chavez-Meza, 585 U.S. at 115–20; Pepper, 562 U.S. at 480–81; United States v. Burleigh, 145 F.4th 541, 547–49 (4th Cir. 2025); Johnson, 143 F.4th at 215–17; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32; McDonald, 986 F.3d at 412; Martin, 916 F.3d at 398. Although a court considers a defendant's post-sentencing conduct, rehabilitation alone is not an extraordinary and compelling reason for a sentence reduction. See 28 U.S.C. § 994(t); U.S.S.G. § 1B1.13(d); Davis, 99 F.4th at 659; McCoy, 981 F.3d at 286 n.9.

The Sentencing Commission policy statement in U.S.S.G. § 1B1.13 applies to a defendant's compassionate release motion. See U.S.S.G. § 1B1.13(a). Section 1B1.13(b) lists several extraordinary and compelling reasons, including (1) a defendant's medical circumstances; (2) a defendant's age, when coupled with serious physical or mental deterioration due to age and having served 10 years or 75 percent of his or her imprisonment term; (3) a defendant's family circumstances; (4) a defendant who suffered sexual abuse, or physical abuse with serious bodily injury, at the hands of those with custody over the defendant while serving the term of imprisonment sought to be reduced; (5) any other reasons similar in gravity to those described in paragraphs (1) through (4) of the policy statement; or (6) a qualifying change in the law that produces a gross disparity between the defendant's unusually long sentence being served and the sentence likely to be imposed at the time the motion is filed, after fully considering the defendant's individual circumstances. See id. § 1B1.13(b). A defendant's rehabilitation alone is not an extraordinary or compelling reason, but it "may be considered in combination with other circumstances in determining whether and to what extent a reduction . . . is warranted." Id. "[A]n extraordinary and compelling reason need not have been unforeseen at the time of sentencing in order to warrant a" sentence reduction. Id. § 1B1.13(e).

On January 10, 2025, Vasquez moved for compassionate release. See [D.E. 203]. In his

8

motion, Vasquez acknowledged that he never applied for compassionate release with the warden. See id. at 3. Because the government did not timely raise a defense based on section 3582(c)(1)(A)'s exhaustion requirements, it waived the defense. See Muhammad, 16 F.4th at 129–30. Thus, the court proceeds to the motion's merits.

A.

Vasquez seeks compassionate release under section 3582(c)(1)(A)(i). Section 3582(c)(1)(A) authorizes a court to reduce a defendant's term of imprisonment if "extraordinary and compelling reasons" warrant a reduction and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." See 18 U.S.C. § 3582(c)(1)(A)(i). Under section 1B1.13(b)(1), Vasquez alleges that he has a medical condition that constitutes an extraordinary and compelling reason. First, Vasquez alleges that he is suffering from "a serious physical or medical condition" that "substantially diminishes [his] ability to provide self-care within the environment of a correctional facility, and [he] is not expected to recover from this condition." [D.E. 203] 4; see U.S.S.G. § 1B1.13(b)(1)(B). Second, Vasquez alleges that he is "suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which [he is] at risk of serious deterioration in health or death." [D.E. 203] 5; see U.S.S.G. § 1B1.13(b)(1)(C).

Additionally, under section 1B1.13(b)(4), Vasquez alleges that he was a victim of abuse. Vasquez argues that "while in custody serving the term of imprisonment sought to be reduced, [he] was a victim of" "physical abuse resulting in 'serious bodily injury.'" U.S.S.G. § 1B1.13(b)(4)(B); see [D.E. 203] 5. Under section 1B1.13(b)(4), the abuse must be "committed by, or at the direction of, a correctional officer, an employee or contractor of the Bureau of Prisons, or any other individual who had custody or control over the defendant." See U.S.S.G. §

9

1B1.13(b)(4). Furthermore, "the misconduct must be established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." See id.

The court does not find a compelling or extraordinary reason that warrants a sentence reduction. Regarding his medical condition, Vasquez alleges that he rec[ei]ved an eye injury and [is] going blind [in] one eye." [D.E. 203] 6. Vasquez's medical records show consistent treatment for an eye injury over the last few years. See generally [D.E. 214]. As the government summarized, medical staff treated Vasquez nine times, and over time, his various eye conditions resolved. See [D.E. 213] 10. Neither Vasquez's motion nor his medical records demonstrate that his eye condition diminishes his ability to provide self-care in a correctional facility or that he is not expected to recover from the eye condition. Cf. U.S.S.G. § 1B1.13(b)(1)(B). Moreover, Vasquez has received ongoing, specialized medical care for this eye condition and has not demonstrated that a lack of medical care would lead to a serious deterioration in health or death. Cf. id. § 1B1.13(b)(1)(C). Thus, Vasquez's eye condition does not constitute a compelling or extraordinary circumstance that warrants compassionate release.

As for abuse, Vasquez alleges that another inmate injured him, making him a victim of abuse under section 1B1.13(b)(4). But Vasquez does not meet the requirements under section 1B1.13(b)(4). Specifically, Vasquez fails to show that the other inmate committed the physical abuse at the direction of a correction officer, employee, or contractor of the BOP or an individual with custody or control over Vasquez. See id. § 1B1.13(b)(4). Additionally, Vasquez does not allege or show that the alleged abuse was established by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding. See id. Nor does Vasquez demonstrate that such proceedings are unduly delayed or that he is in imminent

danger. See id. Thus, Vasquez failed to allege an extraordinary or compelling reason to grant compassionate release under section 1B1.13(b)(4).

B.

Alternatively, assuming Vasquez could prove an extraordinary or compelling reason for sentence reduction, the section 3553(a) factors counsel against granting Vasquez's motion for compassionate release. As the court explained in discussing Vasquez's Amendment 821 motion, the court finds that the section 3553(a) factors counsel against reducing Vasquez's sentence. See Hargrove, 30 F.4th at 194–95, 198–200; High, 997 F.3d at 186; Kibble, 992 F.3d at 331–32. Accordingly, the court denies Vasquez's motion for compassionate release. See, e.g., Concepcion, 597 U.S. 481, 498–501 (2022); Chavez-Meza, 585 U.S. at 117–20; Pepper, 562 U.S. at 480–81; United States v. Smith, 75 F.4th at 464–66; Troy, 64 F.4th at 185 (4th Cir. 2023); United States v. Reed, 58 F.4th 816, 821–24 (4th Cir. 2023); United States v. Roane, 51 F.4th 541, 551–52 (4th Cir. 2022); Hargrove, 30 F.4th at 198–200; Kibble, 992 F.3d at 331-32; High, 997 F.3d at 187–91; United States v. Ruffin, 978 F.3d 1000, 1008–09 (6th Cir. 2020); Chambliss, 948 F.3d at 693–94; United States v. Hill, No. 4:13-CR-28, 2020 WL 205515, at *2 (E.D.N.C. Jan. 13, 2020) (unpublished), aff'd, 809 F. App'x 161 (4th Cir. 2020) (per curiam) (unpublished).

IV.

In sum, the court DENIES defendant's motions for a sentence reduction [D.E. 202] and for compassionate release [D.E. 203].

SO ORDERED. This 5 day of February, 2025.

JAMES C. DEVER III
United States District Judge

11